## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICK RYAN GRANDE, | Case No. 18-CV-2904-ECT-KMM |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MN,<br>EMILY PIPER JOHNSON,<br>GOVERNOR MARK DAYTON,<br>AMFSSCME COUNCIL 5,<br>DR. THOMAS GRATZER,<br>DR. WILLIAM ERICSON,<br>DR. MICHAEL FARNSWORTH,<br>DR. STANLEY SHAPIRO, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Patrick Ryan Grande's filings in the above-captioned civil case. Mr. Grande submitted a 64-page "complaint" comprised of some handwriting on this Court's "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form, as well as numerous handwritten exhibits and other documents. *See* Compl. [EFC No. 1]. Additionally, Mr. Grande appended more random documents to his application to proceed *in forma pauperis* [ECF No. 2]. He also filed a Motion for Release, a Letter to the Court, and a request to alter or supplement his pleadings [ECF No. 3, 4, 6]. In total, the Court now has a few hundred pages from Mr. Grande.

Pro se filings are treated with great deference by this Court. However, in order for the Court to take the appropriate legal action on an individual's court filing, it is

1

important that the Court understand what the individual is asking for. Federal Rule of Civil Procedure 8 requires that a litigant file a short and plain statement of their claim. This may be done in a variety of ways---for example, a litigant could fill in the appropriate complaint template for an action such as the 42 U.S.C. § 1983 form or the habeas corpus form. By contrast, an individual could file a completely freestanding document. At the initial stage of a lawsuit, a litigant is not required to file large documents. In fact, in many cases, the filing of a large document that contains many different types of pages can be distracting to the Court because it can be difficult to determine what it is that the litigant wants to the Court to address. Here, with hundreds of pages of documents, the Court is having a difficult time understanding what Mr. Grande requests. Rather than move forward by guessing, the Court finds it appropriate to seek an amended complaint from Mr. Grande. Below, the Court will provide a short discussion of the two types of claims it thinks Mr. Grande may be presenting, to help streamline his amended complaint.

This Court carefully screens cases wherein an individual seeks to proceed *in forma pauperis* (without prepaying a filing fee) pursuant to 28 U.S.C. § 1915. Regardless of an individual's actual financial qualification, an IFP application will also be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are

not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege enough facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, the Court finds it unclear whether Mr. Grande seeks some form of relief for a violation of Section 1983, or whether he seeks to be released from custody under habeas corpus statutes. Based on the lack of clarity, the Court finds it appropriate to dismiss the complaint at this juncture for failure to state a claim pursuant to Section 1915(e)(2). However, Mr. Grande may successfully refile subject to the following guidance. Litigants must challenge the *fact* of their confinement in a habeas petition; they must challenge the *conditions* of their confinement in a civil lawsuit. Put another way, if Mr. Grande believes that his incarceration as a whole is unlawful, then he can challenge this only through a habeas petition. If he believes aspects of his confinement are unlawful – for example, his medication regime or his access to the canteen – he can challenge this through civil

3

litigation. The two types of claims—Section 1983, and a claim for release—cannot be presented in a single case.

Based on the foregoing analysis, the Court finds it appropriate to dismiss the pending documents without prejudice and to grant Mr. Grande a chance to file an amended complaint. The Court will allow 30 days to file an amended complaint without penalty. A failure to comply may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b). Mr. Grande shall also file a new application to proceed in forma pauperis with his amended pleading. The application should only contain financial information. No additional documents are appropriate.

NOW, THEREFORE, IT IS RECOMMENDED:

1. That Mr. Grande's complaint shall be DISMISSED WITHOUT PREJUDICE and with leave to file an amended complaint within 30 days of this Order.

2. That the Clerk's Office be DIRECTED to supply Mr. Grande with a copy of the standard habeas corpus petition.

3. That Mr. Grande's pending Application to Proceed In Forma Pauperis [ECF No. 2], his Motion to Set Patrick Ryan Grande Free [ECF No. 3], and his Motion to Alter/Amend/Supplement Pleadings [ECF No. 6] be DENIED as MOOT.

Date: December 14, 2018

*s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).